UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
ALBANY DIVISION

KYKE BOURGAULT
Et al. Plaintiffs

1:26-cv-1637 MAD/ML
1283

Against

KATHY HOCHUL
LETITIA JAMES
STATE OF NEW YORK
Defendants

NOTICE OF APPEAL

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
SEP 30 2026
AT____ O'CLOCK_____
John M. Domurad, Clerk - Albany

*In re* MARK MARVIN, Petitioner

PLEASE TAKE NOTICE that Petitioner MARK MARVIN hereby appeals the order of this court (Hon. Mae A. D'Agostino, 9/18/2026) holding as STRICKEN his petition to find in favor of plaintiffs including Petitioner whose citizenship in the United States has been jeopardized by the *de facto* secession of the State of New York from The United States of America.

Petitioner prays that this Court will enjoin the enforcement of New York State law called: "Local Cops, Local Crimes Act" (Executive Law 170-K, enforced under Executive Law 63-E) which declares independence from the national union and federal laws. Such action is illegal and unconstitutional under the Supremacy Clause Article VI, Section [2] of the Constitution and amounts to criminal violation of civil rights if not a declaration of independence from the United States.

"Specifically, we have held that a plaintiff satisfies the injury-in-fact requirement (for standing) where he alleges an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder. (*Susan B. Anthony List v. Driehause*, 2014, 573 U.S. 149, 158, [10-11], 134 S.Ct. 2334, 2342, citing *MedImmune, Inc. Genentech Inc*. 549 U.S. 118, 128-129, 127 S.Ct. 764, *Babbitt v. Farm Workers*, 442 U.S. 289, 298, 99 S.Ct. 2301)

The United States Department of State regulates the voluntary repudiation of U.S. Nationality under the Immigration and Nationality Act (INA) 104 (8 U.S.C. 1104, see: Section 349 (8 U.S.C. 1481)) not New York State by secession.

Defendants' attempt to secede from the Union jeopardized petitioner's citizenship in excess of procedure:

"(W)e need not resolve the continuing vitality of the prudential ripeness doctrine in this case because the 'fitness' and 'hardship' factors are easily satisfied here. First petitioner's challenge … is purely legal and will not be clarified by further factual development. (*Thomas v. Union Carbide Ag. Products Co.* 473 U.S. 568, 581, 105 S.Ct. 3325, 1985) And denying prompt judicial review would impose a substantial 168 hardship on petitioner, forcing them to choose between refraining from core political speech on the one hand, or engaging in that speech and risking costly Commission proceedings and criminal prosecution on the other. (*Id. Susan B. Anthony,* 167-8, 2347 [18]).

Respectfully submitted,

Mark Marvin,
135 Mills Road
Walden, N.Y. 12586
September 26, 2026

~~POB 386~~

Attorney General, The Capitol, Albany, N.Y. 12224
Mateo Forero-Norena, 25 Massachusetts Ave. NW, Suite 330, Washington, D.C. 20001
U.S. Attorney, Justice Department, 950 Pennsylvania Ave., NW, Washington, D.C. 20001 POB 384 Washington DC 20044

To: U.S. District Court, 445 Broadway, Suite 509, Albany, N.Y. 12207
N.Y. Supreme Court, 80 Second Street, Troy, N.Y. 12180

Clerk, U.S. Court of Appeals, 40 Foley Square, New York, N.Y. 10007

**Other Orders**

1:26-cv-01637-MAD-ML
Bourgault et al v. Hochul et al

MAD-PILOT

**U.S. District Court**

**Northern District of New York - Main Office (Syracuse) [NextGen CM/ECF Release 1.8 (Revision 1.8.5)]**

**Notice of Electronic Filing**

The following transaction was entered on 9/18/2026 at 11:32 AM EDT and filed on 9/18/2026

**Case Name:** Bourgault et al v. Hochul et al
**Case Number:** 1:26-cv-01637-MAD-ML
**Filer:**
**Document Number:** 20(No document attached)

**Docket Text:**
**TEXT ORDER striking Pro Se Letter. The Court received a letter from a non-party pro se individual who is asserting an interest in this case and asking the Court to find in Plaintiffs favor. There is no governing standard, rule or statute prescribing the procedure for obtaining leave to file an amicus brief in the district court. Soos v. Cuomo, 470 F. Supp. 3d 268, 284 (N.D.N.Y. 2020) (quoting Lehman XS Tr., Series 2006-GP2 v. Greenpoint Mortg. Funding, Inc., No. 12-CV-7935, 2014 WL 265784, *1 (S.D.N.Y. Jan. 23, 2014)). Indeed, [d]istrict courts ha[ve] broad discretion to permit or deny the appearance of amici curiae in a given case. Id. (quoting Kearns v. Cuomo, No. 1:19-CV-00902, 2019 WL 5060623, *4 (W.D.N.Y. Oct. 9, 2019)). The usual rationale for amicus curiae submissions is that they are of aid to the court and offer insights not available from the parties. Thus, when those purposes are not served, typically, courts deny motions seeking leave to appear amicus curiae. Id. (citation omitted). Here, the pro se individual has not presented any insight on the case that is otherwise unavailable from the parties briefing. The Court will not accept the filing as an amicus curiae submission, and it shall be STRICKEN. Signed by U.S. District Judge Mae A. D'Agostino on 09/18/2026. [copy mailed](ban)**

**1:26-cv-01637-MAD-ML Notice has been electronically mailed to:**

Arastu K. Chaudhury arastu.chaudhury@ag.ny.gov

Mateo Forero-Norena mforero@fairus.org

**1:26-cv-01637-MAD-ML Notice has been delivered by other means to:**

ALBANY NY 120
29 SEP 2026 AM 3 L

Mail a smile. Thank You STATION

USA FOREVER BEAR

Mark Marvin
135 Mills Road
Walden, N.Y. 12586

US District Court
445 Broadway Suit 509
Albany NY 12207

U.S. DISTRICT COURT
JOHN M. DOMURAD, CLERK
SEP 30 2026
RECEIVED

12207-294899